**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00972-WJM-KMT

TERRY A. STOUT, an individual,

    Plaintiff,

v.

GYRODATA, INC., a Texas corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Terry A. Stout, and Defendant Gyrodata, Inc., (sometimes referred to herein individually as the "Party" or collectively as the "Parties"), through their respective counsel, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (hereinafter defined), and, as grounds therefore, state as follows:

1. The Parties to this action are in possession of relevant information which they reasonably believe constitutes Confidential Information (as defined in Paragraph 2 below). The Parties anticipate seeking disclosure of certain Confidential Information during discovery, and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties therefore request that the Court enter this Stipulated Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, email, electronic document or copy made there from - not made available to the public - and designated by one of the Parties in the manner provided in Paragraph 3 below as containing sensitive business, proprietary, personal and/or medical information, including but not limited to financial information and business strategy information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

 a. By imprinting the word "Confidential" before the prefix of all bates numbering on each page of any document produced;

 b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

 c. With respect to transcribed testimony, by giving written notice to the opposing Parties' counsel designating such portions as "Confidential" no later than ten (10) business days after receipt of the transcribed testimony.

4. Any information designated by a Party as "Confidential" must first be reviewed by a lawyer who will certify that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

  6. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

  7. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information.

  8. During the pendency of this action, opposing counsel may, upon court order or agreement of the Parties, inspect the original affidavits maintained by counsel pursuant to paragraph 7 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

  9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for

purposes of this litigation, except where Confidential Information is sought by third parties, including governmental agencies, pursuant to valid legal process.

10. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made there from, pursuant to Paragraphs 5 and 6 above.

11. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel, in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of a notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

*12.* In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner*

*Communications, Inc.,* 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)).

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall destroy all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made there from.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 23rd day of January, 2013.

BY THE COURT:

*[signature: Kathleen Tafoya]*

_____
United States District Court
Magistrate Kathleen M. Tafoya

**STIPULATED AND AGREED BY:**

*s/ Leslie E. Miller*
Leslie E. Miller, Esq. Todd R. Seelman, Esq.
FORD & HARRISON LLP
1675 Broadway, Suite 2150
Denver, Colorado 80202-4679
Telephone: (303) 592-8860
Fax: (303) 592-8861
E-mail:  lmiller@fordharrison.com
          tseelman@fordharrison.com

*Attorneys for Defendant*

*s/ Bryan E. Kuhn*
Bryan E. Kuhn, Esq.
Bryan E. Kuhn, Counselor at Law, P.C. 1660 Lincoln Street, Suite 2330
Denver, Colorado 80264

*Attorneys for Plaintiff*

# EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO            )
                             ) ss.
COUNTY OF                    )

     1.    I have read the Protective Order in *Terry A. Stout v. Gyrodata, Inc.,* Civil Action No. 1:12-cv-00972-WJM-KMT, a copy of which is attached to this Affidavit.

     2.    I have been informed by _____ , Esq., counsel for _____ , that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

     3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

     4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

     5.    I will abide by the terms of the Protective Order.

                                                     _____
                                                     (Signature)

                                                     _____
                                                     (Print or Type Name)

                                                     Address:

                                                   Telephone No. (_____)_____

SUBSCRIBED AND SWORN to before me this _____day of _____ , 2013, by _____ .

WITNESS my hand and official seal.

                                                   _____
                                                   Notary Public

[SEAL]

My commission expires: _____

7