**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-00972-RM-KMT

TERRY A. STOUT, an individual

    Plaintiff,

v.

GYRODATA, INC., a Texas corporation,

    Defendant.

---

**ORDER REGARDING MOTION FOR ATTORNEYS' FEES**

---

    This matter is before the Court on the motion for attorneys' fees filed by Defendant-Appellee Gyrodata, Inc. ("Gyrodata"). (ECF No. 66.) Gyrodata's motion (the "Motion for Fees") was filed pursuant to an order for sanctions from the Tenth Circuit Court of Appeals. Plaintiff-Appellant Terry A. Stout ("Mr. Stout") filed a response to the Motion for Fees arguing that the amount being sought by Gyrodata is excessive (ECF No. 67), and Gyrodata in turn filed a reply (ECF No. 68.) This matter is now fully briefed and ready for resolution.

**I.  BACKGROUND**

    On August 27, 2013, this Court granted summary judgment in favor of Gyrodata. (ECF No. 54.) Mr. Stout filed an appeal before the Tenth Circuit; Gyrodata filed a response to that appeal as well as a separate motion for sanctions arguing that the appeal was legally frivolous. On March 27, 2014, the Tenth Circuit issued an order affirming this Court's initial summary judgment ruling and an order for sanctions against both Mr. Stout and his counsel. (ECF Nos. 61, 62.) The Tenth Circuit found that "[i]n light of this legally frivolous appeal, we conclude

sanctions, including an award of attorney's fees and double costs is justified, to be imposed jointly and severally against Plaintiff and his counsel." (ECF No. 62 at 3.) The Tenth Circuit remanded this matter to this Court for a determination of the amount of costs and fees to be awarded. (*Id.*)

## II.     LEGAL STANDARD

In order to determine a reasonable award of attorneys' fees, courts are to calculate a "lodestar" amount by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable. *Homeward Bound, Inc. v. Hissom Memorial Ctr.*, 963 F.2d 1352, 1355 (10th Cir.1992). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

## III.     ANALYSIS

Gyrodata seeks to recover a total amount of $77,005.50 in attorneys' fees and costs, a figure that represented, as Mr. Stout notes, "the work of five (5) lawyers, comprised of two (2) that never enter[ed] appearances with the Tenth Circuit in the action, and one (1) who is not even admitted to practice before the Tenth Circuit." (ECF No. 67 at 2.) The majority of that amount, $60,026.00, was the amount spent by Gyrodata in the appeals process, with the remaining $16,979.00 attributable to the filing of the instant Motion. (ECF No. 68 at 7.) Gyrodata seeks recovery for approximately 300 hours of legal work, which Mr. Stout argues is far too many hours spent, comparing it with his counsel's time invested. (ECF No. 66 at 5.) Gyrodata argues that "[p]resumptively inadequate legal work by Mr. Stout's attorneys can hardly be used to place a ceiling on Gyrodata's attorneys' time in defending it against that inadequacy." (ECF No. 68 at 3.)

Mr. Stout argues that Gyrodata's attorneys did duplicative work and also spent excessive

time on certain tasks in preparation for the appeal. The Court disagrees. The Court has carefully reviewed the detailed declarations and records submitted by Gyrodata. I find that the number of hours Gyrodata's attorneys spent on the appeals process was reasonable. Mr. Stout did not take issue with the rate charged by Gyrodata's attorneys; regardless, I find Gyrodata's counsel's rates are also reasonable. Gyrodata will be granted the full $60,026.00 they ask for in connection with defending against Mr. Stout's meritless appeal.

Turning now to the issue of the $16,979.00 asked for by Gyrodata in connection with the Motion for Fees, the Court finds this amount to be excessive. Certainly, Gyrodata can be expected to have spent some time in preparing the necessary declarations and documentation upon receipt of the Tenth Circuit's ruling regarding sanctions, and so some fees are appropriate, but the Court will not award the full amount asked for in this category, which includes such line items as time spent discussing Mr. Stout's seemingly good faith settlement offer as well as "[e]xpert conferral and strategy." (ECF No. 66-4 at 2.) The Court will award $5000 in connection with the preparation of the Motion for Fees.

## IV. CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1) Gyrodata's Motion for Attorneys' Fees (ECF No. 66) is GRANTED;

2) Gyrodata is owed $65,026.00 in attorneys' fees, which shall be paid to Gyrodata by Mr. Stout and his counsel on or before close of business on January 31, 2015.

DATED this 18th day of December, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge